T.C. Memo. 2003-116

UNITED STATES TAX COURT

SHIRLEY RENEE BURTON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9946-02L.                    Filed April 22, 2003.

Shirley Renee Burton, pro se.

Sean R. Gannon, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We

_____

[1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

shall grant respondent's motion.[2]

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Chicago, Illinois, at the time she filed the petition in this case.

On November 3, 1993, and February 3, 1993, respectively, respondent issued to petitioner notices of deficiency with respect to her taxable years 1988 and 1989, which she received. In the notice of deficiency (notice) relating to petitioner's taxable year 1988, respondent determined a deficiency in, and additions under sections 6651(a)(1) and 6653(a)(1)[3] to, petitioner's Federal income tax (tax) for that year in the respective amounts of $2,368, $504, and $118. In the notice relating to petitioner's taxable year 1989, respondent determined a deficiency in petitioner's tax for that year of $3,217.

Petitioner did not file a petition in the Court with respect

---

[2]Respondent concedes in respondent's motion that "the collection actions taken against petitioner, as they relate to petitioner's income tax liability for tax year 1993 are improper." Respondent further states that "Respondent is in the process of abating the assessment of petitioner's income tax liability and additions to tax for taxable year 1993." In light of respondent's concession with respect to petitioner's taxable year 1993, we shall address the collection actions at issue only with respect to petitioner's taxable years 1988 and 1989.

[3]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

to the notice relating to her taxable year 1988 or the notice relating to her taxable year 1989.

On February 6, 1995, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for her taxable year 1988. On February 6, 1995, respondent also assessed petitioner's tax, as well as interest as provided by law, for her taxable year 1989. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after February 6, 1995, as petitioner's unpaid liabilities for 1988 and 1989.)

Respondent issued to petitioner the notices and demand for payment required by section 6303(a) with respect to petitioner's unpaid liabilities for 1988 and 1989.

On or about June 22, 2001, respondent filed a notice of Federal tax lien (tax lien filing) with the Recorder of Deeds, Cook County, Chicago, Illinois, with respect to, inter alia, petitioner's unpaid liabilities for 1988 and 1989. The tax lien filing listed petitioner's name and the address of her residence.

On June 28, 2001, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to, inter alia, her unpaid liabilities for 1988 and 1989. On July 1, 2001, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to, inter alia,

those unpaid liabilities.

On or about July 25, 2001, in response to the notice of tax lien and the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).

On February 12, 2002, a settlement officer with respondent's Appeals Office (settlement officer) held a telephonic Appeals Office hearing with petitioner with respect to the notice of tax lien and notice of intent to levy. During the telephonic Appeals Office hearing, the settlement officer relied on a transcript of petitioner's account with respect to each of her taxable years 1988 and 1989.

On May 2, 2002, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attachment to the notice of determination stated in pertinent part:

> ISSUES RAISED IN APPEAL
>
> The under-lying liability was challenged on the Form 12153. The taxpayer also stated she did not own the property located at the address listed on the Notice of Federal Tax Lien. * * *
>
> A telephone conference was held with the taxpayer on 2/12/2002. She stated she did not feel the figures reflected on the lien or notice were correct because she did not materially participate in the examination of the subject returns. In addition she stated she was unable to pay any amount due because she did not have steady income.

The Settlement Officer provided details concerning the 1988 and 1989 tax years in that she did provide the examiner with information that was used to adjust the calculation of tax, penalty and interest.  The Statutory Notices of Deficiency were mailed to her and she did not respond.

     *       *       *       *       *       *       *

The Services' policy with regard to filing a lien is to file the lien in the county of residence, using the last known address of record.  The ownership of the subject property does not dictate a lien filing.  The assessments were made in accordance with established procedures for billing and demand per IRC 6321.

Collection or payment alternatives were discussed with the taxpayer.  Two potential alternatives are an installment agreement and an offer in compromise.  These cannot be considered until the taxpayer is in full compliance with all filing requirements and submits detailed financial information.  Neither compliance or financial information were provided to the Settlement Officer during this Appeal Process.  The taxpayer was advised interest and penalty will continue to accrue until the subject liabilities are paid in full or settled in some other manner.

VERIFICATION OF LEGAL AND PROCEDURAL REQUIREMENTS

Prior to the lien being filed, the tax assessments were made in accordance with established procedures.  Notice and demand made and no payment remitted.  A notification dated 4/7/2001 was sent to the taxpayers' address informing her of the potential for lien filing.  No response or payment in full resulted in the filing of a Federal Tax Lien.

Sources of collection were identified prior to issuance of the Notice of Intent to Levy.  The under-lying assessments were made in accordance with established procedures.

RECOMMENDATION

ALL administrative procedures were followed by the Service Center prior to issuance of the Notice of Lien and the Notice of Intent to Levy.  Both actions are

sustained.  The levy action is necessary in the inter-
est of effective tax administration because the tax-
payer has not fully cooperated with the Service Center
or Appeals and has not filed tax returns for the years
1997 thru 2001.  [Reproduced literally.]

## Discussion

The Court may grant summary judgment where there is no

genuine issue of material fact and a decision may be rendered as

a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner,

98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We

conclude that there are no genuine issues of material fact

regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying

tax liability is not properly placed at issue, the Court will

review the determination of the Commissioner of Internal Revenue

for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610

(2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

In her petition, petitioner alleges:

        I should not owe any taxes nor penalties & inter-
    est for neither of these three tax years.  I do not
    know why I owe for 1988.  I participated in an audit
    face-to-face for 1989 and gave all documents requested
    to prove any claimed deductions.  The IRS audit person
    concluded after about 1½ year [sic] and had not fin-
    ished (to my memory). * * * The paperwork I saw disal-
    lowed many legitimate deductions and I don't understand
    that.

Based upon our examination of the entire record before us,

we find that respondent did not abuse respondent's discretion in

determining to proceed with the collection actions as determined

in the notice of determination with respect to petitioner's taxable years 1988 and 1989.[4]

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing and the concession of respondent,

An order granting respondent's motion and an appropriate decision will be entered.

---

[4]As noted in supra note 2, respondent concedes that the collection actions with respect to petitioner's taxable year 1993 are improper.